|  |  |
|---|---|
| **KRYSTALE ROBERTS,**<br>as Personal Representative of the<br>**ESTATE OF FRANCES M. CARVER,**<br><br>      Plaintiff,<br><br>vs.<br><br>**PARKLANDS FACILITY INC. d/b/a**<br>**PARKLANDS CARE CENTER,**<br><br>      Defendant. | IN THE CIRCUIT COURT, EIGHTH JUDICIAL CIRCUIT, IN AND FOR ALACHUA COUNTY, FLORIDA<br><br>CASE NO: 2021 CA 002237<br>DIVISION: J |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Krystale Roberts, as Personal Representative of the Estate of Frances M. Carver, sues Parklands Facility Inc. d/b/a Parklands Care Center, and alleges:

1. This is an action for damages in excess of $30,000.00, exclusive of attorneys' fees, interest and costs. However, to file this Complaint, undersigned counsel is being required by order of the Supreme Court of Florida to contemporaneously complete a civil cover sheet with a specific dollar figure as an estimated amount of claim for data collection and clerical processing purposes only. The full monetary value of the damages suffered by Plaintiff is yet to be determined, and will be decided in a verdict by the jury that judges the facts of this action in compliance with Article I, Section 22, Florida Constitution.

2. Frances M. Carver was a natural person who resided at "Parklands Care Center" ("the Facility"), operated by Defendant, in 2020. Ms. Carver died on April 27, 2020.

3. Krystale Roberts is a natural person. She is the court-appointed Personal Representative of the Estate of Frances M. Carver. The Letters of Administration evidencing Ms. Roberts' authority to bring this action is attached.

Exhibit A

4. Parklands Facility Inc. ("the Facility Owner"), is a Florida corporation. At all times material hereto, the Facility Owner was licensed by the State of Florida to operate the Facility. In so doing, the Facility Owner providing nursing home care and services to individuals, including Ms. Carver. The Facility Owner owns the fictitious name Parklands Care Center.

5. Defendant undertook the provision of nursing home care and services to Ms. Carver. In so doing, pursuant to common law and Sec. 400.023(3), Florida Statutes, Defendant had the non-delegable duty to exercise reasonable care which a reasonably careful licensee, person, or entity would use under like circumstances.

6. Pursuant to Sec. 400.023(4), Florida Statutes, the nurses employed, managed, or supervised by Defendant had the duty to exercise care consistent with the prevailing professional standard of care for nursing, defined as that level of care, skill, and treatment which, in light of the circumstances, is recognized as acceptable and appropriate by reasonable prudent similar nurses.

7. Defendant had a duty to ensure and protect Ms. Carver's rights as codified by Sec. 400.022, Florida Statutes, including, but not limited to, the following:

    a. The right to receive adequate and appropriate health care and protective and support services;

    b. The right to be treated courteously, fairly, and with the fullest measure of dignity; and

    c. The right to be informed of her medical condition and proposed treatment.

8. Through Defendant's management and operation of the Facility, it failed to provide appropriate care for Ms. Carver, it failed to properly train and supervise the Facility

2

staff, and it failed to procure, supervise, and train an effective administrator. Such failures resulted in the substandard level of care provided to Ms. Carver, described more particularly below.

9. Ms. Carver entered the facility for care due to COPD and other medical problems.

10. During her admission, the facility failed to take necessary precautions to prevent Ms. Carver from being exposed to residents and care givers who were known to be positive for COVID-19.

11. Additionally, they failed to test employees and residents in a timely manner, and failed to provide proper PPE.

12. Consequently, Ms. Carver contracted COVID-19, and died on April 27, 2020.

13. Defendant breached its common law and statutory duties to Ms. Carver in numerous ways, including, but not limited to:

    a. Failing to keep Ms. Carver, her family members, and her doctor fully informed of her health status and of her medical condition during her residency, including failing to notify her physician or emergency medical providers of significant changes in Ms. Carver's condition;

    b. Failing to provide a sufficient number of staff members to provide nursing care to all its residents, including Ms. Carver, in order to adequately monitor, supervise, and meet their needs;

    c. Failing to provide sufficient training to staff members in the handling of all residents, including Ms. Carver, in order to adequately monitor, supervise, and meet their needs, including, but not limited to, training

       related to fall prevention, supervision, and responding to significant changes in condition;

d.    Failing to care for Ms. Carver in a manner and in such a way to promote the maintenance or enhancement of her quality of life;

e.    Failing to timely obtain adequate and appropriate health care for Ms. Carver following significant changes in her condition;

f.    Failing to immediately notify the authorities, staff, residents, and relatives of the potential dangers of COVID-19 and of the COVID-19 positive cases at the facility;

g.    Failing to provide staff, residents, and their families with consistent updates and communication regarding the risk of COVID-19 and of COVID-19 positive cases at the facility;

h.    Failing to prevent asymptomatic staff who had been exposed to COVID-19 from continuing to work at the facility and interacting with the residents;

i.    Failing to be forthcoming and adequately share information regarding the outbreak at the facility with employees, residents, and their relatives;

j.    Failing to implement an adequate emergency preparedness and response program and plan in place to keep residents safe from emerging infectious diseases like COVID-19;

k.    Failing to implement an adequate system for preventing, identifying, reporting, investigating, and controlling infections and communicable diseases for all residents and staff;

l. Failing to have adequate management oversight;

m. Failure to perform adequate testing for COVID-19 once testing was available;

n. Failing to keep symptomatic residents quarantined from the population;

o. Failing to have adequate procedures in place in which to quarantine asymptomatic residents;

p. Failing to provide adequate staff in number and training;

q. Failing to supply proper masks and gowns for weeks, and forcing staff to reuse PPE (Personal Protective Equipment), causing many staff members to resort to using facial coverings that were not medical graded to protect against the virus;

r. Failing to implement widespread safety precautions, such as having available adequate staff and equipment, so as to prevent the risk of injury or death during an emergency such as a pandemic;

s. Failing to follow or adhere to the standards and protocols set out by the CDC and other state and local authorities related to infection control and prevention;

t. Failing to comply with the facility's own Policies and Procedures with regard to infection control;

u. Failing to implement safety protocols, such as disinfecting many common areas, to minimize the spread of the virus;

v. Failing to increase the frequency and rigor of cleaning and sanitizing common community areas;

      w.    Failing to provide the basic cleaning practices pursuant to the resident's contract with the facility; and

      x.    Failing to follow federal guidelines with regard to COVID-19.

14.    As a result of Defendant's negligence, Ms. Carver contracted COVID-19 and died.

15.    All conditions precedent to this action have been performed, have been waived, or have occurred, specifically including any and all conditions precedent required by Sec. 400.23, Florida Statutes.

## Count I – Wrongful Death

Plaintiff realleges paragraphs one through fifteen, and alleges:

16.    Plaintiff brings this action for the benefit of Ms. Carver's estate and survivors in accordance with Florida's Wrongful Death Act.

17.    Ms. Carver's survivors, as defined by Florida's Wrongful Death Act, include her children: Krystale Roberts and Daniel Carver, II.

18.    As a proximate result of the breaches of common law and statutory duties by Defendant, Ms. Carver died on April 27, 2020.

19.    As a result, Ms. Carver's estate has incurred medical and funeral expenses, and her survivors have suffered the loss of parental companionship, instruction and guidance, and mental pain and suffering.

## Count II – Survival Action

Plaintiff realleges paragraphs one through fifteen, and alleges:

20.    This action is brought pursuant to Sec. 46.021, Florida Statutes.

21.     In the alternative to the wrongful death count set forth above, as a proximate result of the breaches of common law and statutory duties by Defendant, Ms. Carver suffered bodily injury, pain and suffering, death, loss of dignity, disability, loss of capacity for the enjoyment of life, medical expenses, and medical treatment.

WHEREFORE, Krystale Roberts, as Personal Representative of the Estate of Frances M. Carver, demands judgment against Parklands Facility Inc. d/b/a Parklands Care Center, for damages, costs, and such further relief as the Court may deem appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable.

## CERTIFICATE OF GOOD FAITH

I HEREBY CERTIFY that I conducted a reasonable investigation of this case that gives rise to the good faith belief that grounds exist for an action against each of the entities addressed above.

/s/ Katherine C. Wagner

KATHERINE C. WAGNER, Esq.
Florida Bar #102382
MORGAN & MORGAN
76 S. Laura Street, Suite 1100
Jacksonville, Florida  32202
Tel:     904-330-3811
Fax:    904-380-3373
Primary Email: kwagner@forthepeople.com
Secondary Email: lhumphrey@forthepeople.com
*Attorney for Plaintiff*

IN THE CIRCUIT COURT
OF THE EIGHTH JUDICIAL CIRCUIT
IN AND FOR ALACHUA COUNTY, FLORIDA

CASE NUMBER: 01-2021-CP-000911
Probate Division A

IN RE: The Estate of

FRANCES M CARVER,
    Deceased.

## LETTERS OF ADMINISTRATION

TO ALL WHOM IT MAY CONCERN:

**WHEREAS**, Frances M. Carver ("Decedent"), a resident of Alachua County, Florida, died on April 27, 2020, owning assets in the State of Florida, and

**WHEREAS**, Krystale Roberts has been appointed personal representative of the estate of Decedent and has performed all acts prerequisite to issuance of Letters of Administration in the estate,

**NOW, THEREFORE**, I, the undersigned Circuit Judge, declare Krystale Roberts duly qualified under the laws of the State of Florida to act as personal representative of the estate of Frances M. Carver, deceased, with full power to administer the estate according to law; to ask, demand, sue for, recover and receive the property of Decedent; to pay the debts of Decedent as far as the assets of the estate will permit and the law directs; and to make distribution of the estate according to law.

**DONE AND ORDERED** on Wednesday, June 2, 2021.

01-2021-CP-000911 06/02/2021 10:37:50 AM

*Susanne Wilson Bullard*

Susanne Wilson Bullard, Circuit Judge
01-2021-CP-000911 06/02/2021 10:37:50 AM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that copies have been furnished by U.S. Mail or via filing with the Florida Courts E-Filing Portal on Wednesday, June 2, 2021, to the following:

MATTHEW H HINSON, ESQ
Matt@HinsonLawPA.com
Kathryn@HinsonLawPA.com
Lilit@HinsonLawPA.com

01-2021-CP-000911 06/02/2021 02:52:44 PM

Kelly Jones, Judicial Assistant
01-2021-CP-000911 06/02/2021 02:52:44 PM

**Under the Americans with Disabilities Act, if you are a person with a disability who needs any accommodation in order to participate in a proceeding, you are entitled to be provided with certain assistance at no cost to you. Please contact the ADA Coordinator at (352) 337-6237 at least 7 days before your scheduled court appearance, or immediately upon receiving this notification if the time before the scheduled appearance is less than 7 days. If you are hearing or voice impaired, call 1-800-955-8770 via Florida Relay Service.**