**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:21-cv-147-RH-GRJ**

KRYSTALE ROBERTS, as Personal
Representative of the ESTATE OF
FRANCES M. CARVER,

Plaintiff,

v.

PARKLANDS FACILITY, INC. d/b/a
PARKLANDS CARE CENTER,

Defendant.

_________________________________/

**DEFENDANT'S RULE 26(a)(1) DISCLOSURES**

Pursuant to Fed. R. Civ. P. 26(a)(1), please find below the initial disclosures of Defendant, Parklands Facility, Inc. d/b/a Parklands Care Center. Defendant reserves the right to supplement the information below over the course of this litigation, if and as appropriate pursuant to the Federal Rules of Civil Procedure.

## I. DISCLOSURE PURSUANT TO RULE 26(a)(1)(A)(i)

**The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment:**

a. Plaintiff, Krystale Roberts, as Personal Representative of the Estate of Frances M. Carver.

Plaintiff has knowledge about the allegations in the Complaint and the alleged damages/contentions against the Defendant and the care and treatment of Ms. Carver at the Parklands Care Center. Ms. Roberts can be reached through her counsel, Katherine C. Wagner, Morgan & Morgan, 76 South Laura Street, Suite 1100, Jacksonville, Florida 32202, 904-330-3811.

b. Person(s)/Employee(s)/Former Employee(s) of Defendant, Parklands Care Center, including but not limited to the following:

i. Elliot Williams, Administrator, Parklands Care Center. Mr. Williams knowledge of this residency and the allegations set forth by the Plaintiff. Ms. Williams can be reached through his counsel, Humphrey Law Group, 1173 Spring Centre Blvd., S., Suite C, Altamonte Springs, FL 32719.

ii. KaTina Smith, Director of Nursing. Parklands Care Center. Ms. Smith knowledge of this residency and the allegations set forth by the Plaintiff. Ms. Williams can be reached through his counsel, Humphrey Law Group, 1173 Spring Centre Blvd., S., Suite C, Altamonte Springs, FL 32719.

iii. It is presumed that any such individuals from the nursing home facility, Parklands Care Center, which has been named as the Defendant in this matter would have knowledge of the patient, this matter, and/or the care and treatment rendered to the patient during her residency at said facility. The persons reflected in the resident's Parklands Care Center facility chart, are set forth below with their last known addresses. The extent of said knowledge or recollection is not yet known. It is assumed that any such current employee of said entity/Defendant can be reached through the undersigned counsel.

iv. Grace Okine, R.N., 5146 NW 62nd St., Gainesville, Florida 32653
v. Laqua Morrow, L.P.N., 4300 SW 13th Street, Gainesville, Florida
vi. Shannon Whitler, L.P.N., 490 South Old Wire Rd., Wildwood, Florida 34785
vii. Aime Altigieri, M.D., 330 SW Garden St., Keystone Heights, Florida 32656
viii. Stacey Ann Regar, L.P.N., 173 SW Marcis, Lake City, Florida 32024
ix. Patricia Sekyere, SSD, 1145 SW Shenandoah, Glen Lake City, Florida 32025
x. Joy Chandler, R.N., 3452 Killarney Drive, Jacksonville, Florida 32216
xi. James Latson, L.P.N., 1050 SW 1st Dr., Apt. 202, Chiefland, Florida 32626
xii. Beverly Arnold, L.P.N., 8081 SW 44th Ave., Lake Butler, Florida 32054
xiii. Brandon Brodbek-Ortiz, L.P.N, 1920 SW Williston Rd., Gainesville, Florida 32608
xiv. Annette Mulberry
xv. Cindy Young-Mott, L.P.N., 4300 SW 13th, Gainesville, Florida 32608
xvi. Josephine Calhoun, Nursing Unit Manager, 1200 NE 55th Blvd., Gainesville, Florida 32641
xvii. Gloria Brown, L.P. N., 1609 SE 39th Place, Gainesville, Florida 32641
xviii. Sharifa Broadbelt, L.P.N., 2700 SW 34th Street, Ocala, Florida 34474
xix. Jessica Regisma, L.P.N., 1000 SW 16th Ave., Gainesville, Florida 32601
xx. Tammy Teston, L.P.N., 1732 Kingsley Avenue, Orange Park, Florida 32073
xxi. Clay Colmant, R.N., 1972 South Lake Lodge Rd., Henderson, North Carolina, 27537
xxii. Ebonee Crumpton, R.N., 1732 Kingsley Ave., Ste. 1, Orange Park, Florida 32073
xxiii. Ayesha Alston, L.P.N., 2790 SW Windsong Circle, #306, Lake City, Florida 32025
xxiv. Rochelle Osborne, L.P.N., 1000 SW 16th Ave., Gainesville, Florida 32601

xxv. Myia McCloud, 136 S. County Rd. 21, Hawthorne, Florida 32640
xxvi. Brandy Kelly, L.P.N., 421 SW Chapel Hill Street, Lake City, Florida
xxvii. Cindy Morand, L.P.N., 112 Putnam Trail, Putnam Hall, Florida 32185
xxviii. Ericka Acosta, L.P.N., 7014 SW 21st Lane, Gainesville, Florida 32607
xxix. Michaelnisha R. Martin, L.P.N., 778 NW Turner Ave., Apt. 101, Lake City, Florida 32055

c. It is presumed that individuals from the caregivers or facilities in which Ms. Carver treated at before, during, or after her residency at Parklands Care Center would have knowledge of the patient, this matter, the patient's conditions or treatment, and/or the care and treatment rendered to the patient prior to, during, or after her residency at Parklands Care Center. The names and addresses of such treaters or facilities are referenced below. The full extent of each's knowledge or recollection of the patient is not yet known as Defendant is not yet in possession of records from these providers.

i. John Brandt, M.D.-5200 NW 43rd St., Gainesville, Florida 32606
ii. Pharmscript-3801 Corporex Park Dr., Ste. 115, Tampa, Florida 33619
iii. Shands UF -1600 SW Archer Rd., Gainesville, Florida 32608
iv. Gainesville Geriatric Rehab, LLC - 5200 NW 43rd St., Ste. 102, Gainesville, Florida 32606
v. Umesh M. Mhatre, M.D.- 165 SW Vision Glenn, Lake City, Florida 32025
vi. April Roberts, Psy. D.- 3324 W. University Ave., Unit 241, Gainesville, Florida 32607
vii. Dr. Khanjan Shah -1600 SW Archer Rd., Ste. 1901, Gainesville, Florida 32608

d. All individuals and/or entities identified in the Rule 26 Disclosures of the Parties.

e. Any and all individuals and/or entities identified in any party's discovery responses or in any depositions taken in this case.

f. Frances Carver's medical care providers who are not listed herein of which any potential the identity of such providers is not yet known.

Defendant reserves the right to supplement these disclosures with additional persons and/or entities whose identities may be revealed through investigation and discovery in this matter.

## II. DISCLOSURE PURSUANT TO RULE 26(a)(1)(A)(ii)

**A copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment:**

a. Any and all medical records, hospital records, pathology, diagnostic studies, psychological records, psychiatric records, consultations, evaluations, physical therapy and rehabilitation records and reports, charts, correspondence, pathology slides, echocardiograms, cardiac catherization films, thallium scans, stress tests, Doppler Studies, MRI/MRA Scans, CT Scans, EKG, and any and all other records and imaging studies from any and all providers of Frances Davis. Those providers currently known whose records would be anticipated to potentially be exhibits are listed below.

i. Parklands Care Center
ii. John Brandt, M.D.-5200 NW 43rd St., Gainesville, Florida 32606
iii. Pharmscript-3801 Corporex Park Dr., Ste. 115, Tampa, Florida 33619
iv. Shands UF -1600 SW Archer Rd., Gainesville, Florida 32608
v. Gainesville Geriatric Rehab, LLC - 5200 NW 43rd St., Ste. 102, Gainesville, Florida 32606
vi. Umesh M. Mhatre, M.D.- 165 SW Vision Glenn, Lake City, Florida 32025

vii. April Roberts, Psy. D.- 3324 W. University Ave., Unit 241, Gainesville, Florida 32607
viii. Dr. Khanjan Shah -1600 SW Archer Rd., Ste. 1901, Gainesville, Florida 32608

b. Any funeral or burial bills relative to Frances Carver.
c. Any deposition transcripts of depositions taken in this matter, with exhibits thereto.
d. Any and all Answers, including documents which are referred to in Interrogatories, Expert Interrogatories or other such Interrogatories propounded in this cause.
e. Any and all documents and responses produced in Response to Requests for Production.
f. Any and all documents produced pursuant to subpoenas served for non-party production.
g. Any and all documents produced by any records custodian in this matter.
h. Any applicable statutes, ordinances and/or laws.
i. All professional resumes/curriculum vitae for any expert witnesses designated by the Parties.
j. Any and all records, correspondence, reports, schedules, charts, documents or demonstrative evidence of any kind, which have been reviewed by any expert listed by the parties in preparation for trial or deposition testimony.
k. Any and all Insurance policies, payment records, payout logs, and any and all other records showing collateral source payments or liens for medical bills payments, inclusive of any such documents from Medicare, Medicaid and/or any other health insurance provider.
l. Any and all impeachment, rebuttal or other exhibits that cannot be reasonably anticipated at this time.
m. Such further exhibits as they may be developed or may be necessary with respect to the formulation and presentation of expert testimony.
n. A copy of Frances Carver's Birth Certificate.
o. A copy of Frances Carver's Death Certificate.
p. Any demonstrative charts, graphics or illustrations generated during the testimony or prepared by witnesses testifying in this lawsuit which aid or assist such witnesses or which are illustrative of such witnesses' testimony.

Defendant reserve the right to supplement these disclosures with additional exhibits that may be revealed through investigation and discovery in this matter.

## III. DISCLOSURE PURSUANT TO RULE 26(a)(1)(A)(iii)

**A computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered:**

Not applicable. The Defendant has not asserted a counter-claim.

## IV. DISCLOSURE PURSUANT TO RULE 26(a)(1)(A)(iv)

**Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment:**

Defendant is insured by ProAssurance Specialty Insurance Inc.

## V. DISCLOSURE PURSUANT TO RULE 26(a)(2)(A)

**Disclosure of Expert Testimony:**

The Defendant has not yet made a determination as to any expert(s) who may be called to testify at trial under the Federal Rules of Evidence. Defendant reserves the right to supplement this response in accordance with the Federal Rules of Civil Procedure.

Dated: December 17, 2021

***/s/ Kelli B. Hastings***

Kelli B. Hastings
Florida Bar #: 00588512
Humphrey Law Group
1173 Spring Centre Blvd. South, C
Altamonte Springs, FL 32759

Telephone: (407) 907-0317
Facsimile: (321) 985-0231
pleadings@humphreylawgrouppa.com
*Attorney for Defendant*

**CERTFICATE OF SERVICE**

I hereby certify that on December 17, 2021, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and that a Notice of this filing will be sent to the following by operation of the Court's Electronic Filing System: Kasey Wagner, Esq., Morgan & Morgan, 76 South Laura Street, Suite 1100, Jacksonville, FL 32202 (kwagner@forthepeople.com).

***/s/ Kelli B. Hastings***
Kelli B. Hastings
Florida Bar No.: 00588512
Humphrey Law Group, P.A.